IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA ex rel. Rob Bonta, Attorney General of California,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>MIGUEL A. CARDONA, in his official capacity as Secretary of Education, and UNITED STATES DEPARTMENT OF EDUCATION,<br><br>Defendants-Appellees. | No. 21-16980 |

### CALIFORNIA'S SUGGESTION OF MOOTNESS AND UNOPPOSED MOTION FOR *MUNSINGWEAR* VACATUR

The People of the State of California suggest that this appeal is moot and respectfully request that the Court vacate the two district-court orders adverse to California [N.D. Cal. No. 20-01889, Dkt. Nos. 29, 40] and remand the case with instructions to dismiss California's case without prejudice, consistent with *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950).

California has conferred with counsel for Defendants-Appellees, who does not oppose the relief sought.

### BACKGROUND

This case arose out of two rulemakings by the U.S. Department of Education (ED) in 2014 and 2019 that relate to the "gainful employment" (GE) statutory mandate of the Higher Education Act of 1965 (HEA), which requires that certain

educational programs to "prepare students for gainful employment in a recognized occupation . . . ." 20 U.S.C. § 1002(b)(1)(A)(i), (c)(1)(A); *id.* § 1088(b)(1)(A)(i).

In 2014, ED issued final regulations interpreting the GE mandate, which protected students from career-oriented training programs that leave them with unaffordable student-loan debt, among other things. 79 Fed. Reg. 64,890 (Oct. 31, 2014). Following a change in presidential administrations, in 2019, ED rescinded its 2014 GE regulations in their entirety, without replacement ("Rescission Rule"). 84 Fed. Reg. 31,392 (July 1, 2019).

On March 18, 2020, California filed the underlying action (N.D. Cal. No. 20-01889) challenging the Rescission Rule under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706. California's case was ordered related to *American Federation of Teachers v. DeVos* (N.D. Cal. No. 20-00455), a case brought by private parties, which also challenged the Rescission Rule under the APA. ED moved to dismiss California's complaint for lack of state standing. [N.D. Cal. No. 20-01889, Dkt. No. 18.] Initially, the district court denied ED's motion in part, allowing California's action to proceed. *Am. Fed'n of Tchrs. v. DeVos*, 484 F. Supp. 3d 731, 749-50 (N.D. Cal. 2020) [N.D. Cal. No. 20-01889, Dkt. No. 29]. But after ED moved for reconsideration, the district court dismissed California's complaint with prejudice. *Am. Fed'n of Tchrs. v. Cardona*, Nos. 20-00455, 20-01889, 2021 WL 4461187, at *4-6 (N.D. Cal. Sept. 29, 2021) [N.D. Cal. No. 20-01889, Dkt. No. 40]. California timely appealed on November 23, 2021.

Shortly after California filed this appeal, ED initiated the regulatory process to issue new GE regulations that would supersede and replace the Rescission Rule.

*See, e.g.*, 86 Fed. Reg. 69,607-09 (Dec. 8, 2021) (announcing intent to establish negotiated-rulemaking committee addressing GE and other topics). At the request of the parties, the Court stayed this appeal several times, pending ED rulemaking. [Dkt. Nos. 16, 18, 20, 22.] The parties agreed that, if successful, this rulemaking would moot or otherwise significantly impact California's challenge to the Rescission Rule.[1]

On October 10, 2023, ED published new, final GE regulations that supersede and replace the Rescission Rule. 88 Fed. Reg. 70,004 (Oct. 10, 2023). These new regulations "depart from the [Rescission] Rule and partly reinstate[] provisions of the 2014 Prior Rule, but [also] improve the regulations in light of new data and current circumstances . . . ." *Id* at 70,005.

## ARGUMENT

In light of ED's issuance of new GE regulations that interpret and enforce the HEA's statutory GE mandate that certain educational programs "prepare students for gainful employment in a recognized occupation," California no longer has an interest in challenging the superseded Rescission Rule. Accordingly, California suggests that its controversy and, therefore, this appeal has become moot. *See, e.g.*, *Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982) (per curiam)

---

[1] The related case has also been held in abeyance by the district court since May 2022, pending ED rulemaking. [N.D. Cal. No. 20-00455, Dkt. No. 73.] By filing this motion, California expressly takes no position on the mootness of the related case, which asserts different procedural and substantive theories on behalf of private individuals. As opposed to California's appeal, as private plaintiffs maintain, the related case "could remedy some of the precise harms that [private p]laintiffs and others continue to experience because of the [Rescission] Rule." [*Id.*, Dkt. No. 84.]

("[T]he regulation at issue is no longer in force. . . . Thus the issue of the validity of the old regulation is moot . . . ."); *Brach v. Newsom*, 38 F.4th 6, 11-15 (9th Cir. 2022) (en banc) (dismissing challenge to state executive orders mooted by voluntary rescission of those orders and "remand[ing] with instructions for the district court to vacate its judgment and dismiss the complaint"); *Bullfrog Films, Inc. v. Wick*, 959 F.2d 778, 780-81 (9th Cir. 1992) ("Because the legislation has supplanted [the challenged] regulations, we dismiss the appeal on these issues as moot. We remand the case to the district court with instructions to vacate its judgments . . . on these issues.") (citing *Munsingwear*, 340 U.S. at 39-41).[2]

Because this controversy became moot after the district court dismissed California's case, the Court should vacate the district court's orders adverse to California [N.D. Cal. No. 20-01889, Dkt. Nos. 29, 40] and direct that California's case instead be dismissed without prejudice. When a civil case becomes moot, "[t]he established practice . . . in the federal system . . . is to reverse or vacate the judgment below and remand with a direction to dismiss." *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950). Vacatur "clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance." *Id.* at 40; *see also, e.g.*, *NASD Disp. Resol., Inc. v. Jud. Council of State of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007)

---

[2] ED's October 10, 2023 issuance of new GE regulations resolves California's controversy. Accordingly, California no longer has an interest in challenging the Rescission Rule, even though some provisions of the new regulations become effective July 1, 2024, and after. *Cf. California v. Azar*, 911 F.3d 558, 568-69 (9th Cir. 2018).

("Under the '*Munsingwear* rule,' vacatur is generally 'automatic' in the Ninth Circuit when a case becomes moot on appeal.").

Here, mootness is the result of unilateral regulatory action taken by ED (*i.e.*, issuance of final, superseding GE regulations), a circumstance outside California's control. Accordingly, vacatur of the district court's adverse orders that relate to California's standing is equitable and appropriate. *See, e.g.*, *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994) ("A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment."); *Pub. Util. Comm'n of State of Cal. v. FERC*, 100 F.3d 1451, 1461 (9th Cir. 1996) ("[M]ootness resulting from happenstance or from the unilateral action of the party who prevailed below *does* require vacatur.") (citation and quotation marks omitted); *Dilley v. Gunn*, 64 F.3d 1365, 1370 (9th Cir. 1995) ("[A] litigant should not be bound by an adverse unreviewed judgment when mootness results from unilateral action of the party who prevailed below.") (citation and quotation marks omitted).

Further, vacatur is particularly appropriate here because the district court's orders dismissing California implicate important constitutional issues of state standing to sue the federal government. *See Clarke v. United States*, 915 F.2d 699, 708 (D.C. Cir. 1990) ("emphasiz[ing] the avoidance of constitutional questions as one of the bases for vacatur"). The district court's orders address California's Article III standing to sue the federal government, which involves unsettled issues of federalism and the balance of power between competing sovereigns. Vacatur will prevent the district court's orders "from spawning [further] legal

consequences," *Am. Civil Liberties Union of Nev. v. Masto*, 670 F.3d 1046, 1065 (9th Cir. 2012) (quoting *Munsingwear*, 340 U.S. at 71).

## CONCLUSION

For these reasons, the Court should vacate the district court's adverse orders that address California's standing [N.D. Cal. No. 20-01889, Dkt. Nos. 29, 40] and remand with instructions to dismiss California's case without prejudice.

California has conferred with counsel for Defendants-Appellees, who does not oppose the relief sought.

Dated: January 26, 2024         Respectfully submitted,

/s/ Bernard A. Eskandari
ROB BONTA
*Attorney General of California*
NICKLAS A. AKERS
*Senior Assistant Attorney General*
BERNARD A. ESKANDARI
*Supervising Deputy Attorney General*
300 South Spring Street, Suite 1702
Los Angeles, California 90013
(213) 269-6348
bernard.eskandari@doj.ca.gov

*Attorneys for Appellant the People of the State of California*

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 1,465 words.

/s/ Bernard A. Eskandari
BERNARD A. ESKANDARI
